| ¡GAUDIN, Judge.
This is an appeal by Certain Underwriters at Lloyd’s of London from a March 2, 1998 judgment of the 29th Judicial District court which: •
(1) granted summary judgment in Favor of Fireman’s Fund, and
(2) denied a motion for summary judgment filed by CGL Underwriter’s (Lloyd’s of London).
We affirm.
At issue here is whether a policy of insurance issued by Fireman’s Fund to Louisiana Maintenance Service, Inc. (LMS) covers a claim by Lloyd’s as subrogee of LMS.
This case originated on October 2, 1987, when an employee of LMS negligently damaged a 30-ton hydraulic crane which had been borrowed by LMS from another party who had rented the crane from yet another party. These other parties, Nichols Construction and Occidental Chemical Corporation are no longer parties in this litigation.
LMS is a labor contractor who at the time of the accident was supplying manpower to Occidental. As a condition of its contract with Occidental, LMS was required to maintain a comprehensive liability policy, which it had with Lloyd’s, and a property damage policy, which it had with Fireman’s Fund.
The loss was $98,115.94, which Lloyd’s refused to pay until required to do so by the Louisiana Supreme Court, Louisiana Maintenance Services, Inc. v. Certain Underwriters at Lloyd’s of London, 616 So.2d 1250 (La.1993)2.
Thereafter, Lloyd’s went after Fireman’s Fund contending that LMS was legally liable for the damages to the crane and that it (Lloyd’s) should be reimbursed.
This matter was before this Court previously, Louisiana Maintenance Services, Inc. v. Certain Underwriters at Lloyd’s of London, No. 97-CA-516 (La. App.5th Cir., 11/25/97), 704 So.2d 996 and remanded for stated reasons. On remand, the trial judge found that the policy of insurance issued by Fireman’s Fund to LMS only covered six listed Hyster forklifts and that an amendment to the policy, covering property leased or rented by LMS from other parties, did not become effective until March 8, 1988, which was after the October 2, 1987 incident.
*95 The policy in effect on October 2, 1987 indicates that coverage is provided only for losses to property shown on the declaration page, i.e., the six forklifts. The premium was $900.00. LMS argues that it would be unreasonable to assume that this modest premium covered unlimited damages to property or equipment not listed. We see merit in this contention.
In any event, the trial judge found no ambiguous language in Fireman’s Fund 1987 policy that would have covered anything but the six listed forklifts. We cannot say this determination was wrong.
AFFIRMED.